**FEIN, SUCH, KAHN & SHEPARD PC**
Counsellors at Law
7 Century Drive - Suite 201
Parsippany, New Jersey 07054
(973) 538-9300
Attorneys for Secured Creditor
R.A. LEBRON, ESQ. (RL7029)
ZCW2326

|  |  |
|---|---|
| IN RE:<br><br>KOSAR P. BHATTI,<br><br>  Debtor. | UNITED STATES BANKRUPTCY COURT<br>DISTRICT OF NEW JERSEY<br><br>Chapter 13<br><br>Case No. 09-38411 KCF<br><br>**OBJECTION OF BAC HOME LOANS SERVICING, LP TO CONFIRMATION OF DEBTOR'S PLAN**<br><br>Hearing Date: 3/24/10 at 9:30 a.m. |

I, R.A. LEBRON, ESQ., do hereby certify as follows:

1. I am an attorney at law of the State of New Jersey associated with the law firm of FEIN, SUCH, KAHN & SHEPARD, PC, attorneys for **BAC HOME LOANS SERVICING, LP F/K/A COUNTRYWIDE HOME LOANS SERVICING L.P.**, ("Secured Creditor" herein), and I am fully familiar with the facts and circumstances of the within matter.

2. Secured Creditor objects to confirmation of Debtor's plan for the reasons which follow:

    (a) Secured Creditor holds the first mortgage on Debtor's residence which is located at 249 ELM STREET, CARTERET, NJ 07008. As of the date of the bankruptcy filing, Debtor was in default on the terms of the Note and Mortgage. Total arrears due to Secured Creditor through the plan is $24,197.06 and the total claim at the time of filing was $272,217.38. A Copy of the Proof

of Claim is on file with the Court.

(b) Paragraph 3(a) of the Debtor's proposed Plan lists an arrearage of $22,519.00 but leaves blank the amount to be paid to the Secured Creditor. Debtor's proposed plan is insufficient in that it understates the amount of Secured Creditor's arrears that are required to be cured through the Plan. Absent a modification by the Debtor to include the correct amount of arrears, this plan can not be confirmed.

(c) In reviewing Debtor's Schedules I and J it is apparent that the Debtor does not have the additional income needed to fund the plan at the correct arrearage amount. Schedule J of Debtor's petition indicates Debtor's disposable income in the amount of $49.00. Debtor's plan proposes to pay $49.00 into the plan each month. There is not enough income from the Debtor to support Debtor's plan to pay the correct amount of arrears due to Secured Creditor and other Creditors. Therefore, Debtor's plan should be rendered as not feasible.

(d) Schedule J of Debtor's petition detailing monthly expenses, lists excessive amounts for homeowner's insurance ($700.00 per month), electric & heating ($600.00 per month for one person), etc. Inclusion of a more reasonable amount for these expenses would increase the excess monthly income and render the plan morefeasible.

(e) Moreover, Debtor lists his status as unemployed. However, there is no mention of unemployment benefits. If

unemployment benefits are being received or if Debtor is eligible to receive unemployment benefits, these sums should be used to fund Debtor's plan. This additional income would allow the Debtor to demonstrate some excess income needed to pay into the plan every month.

(f) Moreover, Debtor's plan relies on income from SIBLING in the amount of $5900.00 per month. This additional income allows the Debtor to demonstrate some excess income needed to pay into the plan every month. However, the Debtor fails to provide proof of such income, such as Certification. Absent proof of such income, Debtor's plan cannot be confirmed.

(g) Furthermore, Secured Creditor objects to Debtor's confirmation in that if the Debtor is post-petition delinquent at confirmation and Debtor's case is dismissed, then any excess funds that the Chapter 13 Trustee is holding should be released to the Secured Creditor. Absent the release of such excess funds in the possession of the Trustee, Secured Creditor is substantially harmed as the Debtor has enjoyed the benefit of the automatic stay to the detriment of Secured Creditor. Absent such language in the Order of Confirmation, confirmation of Debtor's plan must be denied.

(h) Finally, on December 10, 2009, Debtor ("Plaintiff") filed an Adversary Complaint against Secured Creditor ("Defendant") alleging various charges and seeking damages including but not limited to the cancellation and discharge of the mortgage debt. Secured Creditor objects to the confirmation of any Plan that fails

to provide for any adequate protection to the Secured Creditor while the Adversary Case (09-02894-KCF) remains pending. If the Plan as filed is permitted to stand and Secured Creditor ultimately prevails in their defense, the Debtor would have succeeded in delaying any enforcement of Lender's rights through foreclosure and Secured Creditor would have received little or no payments during the duration of this case. A review of the records shows that payments have not been received since 2008 while Secured Creditor continues to make regular disbursements for taxes and insurance. These provisions vest the entire risk of loss on the mortgagee. The Debtor should be required to make some type of adequate protection payments to either the Secured Creditor or the Trustee during the pendency of the Adversary proceeding. At the very least, Debtor should assume payments for taxes and insurance, subject to a default clause for any missed payments.

3. For the reasons stated above, and for any others that the Court deems fit to adopt, Secured Creditor respectfully objects to Debtor's plan and confirmation thereof.

I hereby certify that the foregoing statements made by me are true. I am aware that if any of the foregoing statements made by me are wilfully false, I am subject to punishment.

DATED: March 8, 2010         **FEIN, SUCH, KAHN & SHEPARD, PC**
                             Attorneys for Secured Creditor,
                             **BAC HOME LOANS SERVICING, LP**

                             By: /S/ R.A. LEBRON, ESQ.